IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 30 PM 3: 11

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| DAVID MOSBY, | |
| Plaintiff, | |
| vs. | Cv. No. 04-2823-Ma/P |
| | Cr. No. S2-S90-0004(5) |
| | E.D. Missouri |
| T.C. OUTLAW, | |
| Defendant. | |

ORDER GRANTING MOTION TO SUPPLEMENT
ORDER DENYING PETITION UNDER 28 U.S.C. § 2241
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant, David Mosby, Bureau of Prisons (BOP) registration number 11844-064, an inmate at the Federal Correctional Institution (FCI) in Memphis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the filing fee. The Clerk shall record the respondent as T.C. Outlaw. The Clerk shall not issue any process.

In February of 1991, Mosby and several co-defendants were convicted by a jury of conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Eighth Circuit Court of Appeals affirmed Mosby's conviction. United States v. Mosby, 966 F.2d 403 (8th Cir. 1991), cert. denied, 506 U.S. 1025 (1992). Additionally, on December 27, 1993, the Eighth Circuit affirmed the denial of Mosby's motion under Fed. Rule Crim. P. 33. United States v. Mosby, 12 F.3d 137 (1993).

Mosby filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied by the Eastern District of Missouri district court on October 1, 1997. Mosby alleges that he has twice sought authorization to file successive motions to vacate premised upon the principles enunciated in Jones v. United States, 526 U.S. 227 (1999), and Apprendi v. New Jersey, 530 U.S. 466 (2000). He states that both applications were denied by the Eighth Circuit Court of Appeals.

On October 13, 2004, Mosby filed this habeas petition under 28 U.S.C. § 2241. On February 16, 2005, Mosby filed a motion to supplement his claim of actual innocence. The motion to supplement is GRANTED. Mosby actually seeks to raise claims cognizable only under § 2255. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the time conviction is final. This provision strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction. These reforms were intended to further protect the finality attached to federal criminal judgments and to reduce the workloads of the federal courts.

As a § 2255 motion is foreclosed by the AEDPA statute of limitations, the petitioner seeks to characterize this case as a habeas petition under 2241. The only reason for this characterization, however, is the need to avoid the limitations

2

period enacted by the AEDPA. This case clearly seeks to attack the validity of petitioner's original sentence and is in reality a motion under § 2255. A series of unpublished opinions has relied on Gray-Bey v. United States, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255 motions that are disguised as § 2241 petitions should not be transferred but dismissed.[1]

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 64, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77. Cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). It is clear from Wright and Jalili, however, that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks accept, as a matter of course, the validity of the original underlying conviction and sentence. Mosby's petition does not challenge the execution of his sentence, but attacks its imposition.

---

[1] See, e.g., In Re Walker, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

3

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (1999); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). See also United States v. Cerna, 1994 U.S. App. LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[2] United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993); Wood v. United States, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[3] Owens v. Benson, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255). Cf. Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998)(adopting per se rule that district court may not consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

Habeas corpus will lie, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality

---

[2] Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

[3] See supra note 2.

4

of his detention." 28 U.S.C. § 2255. This "savings clause" operates as an additional exception to the successive motion limits of the AEDPA and permits review by a habeas petition in an even more narrow category of cases.

The movant has the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756. The § 2255 remedy is not inadequate or ineffective, for example, merely because the successive motion limits apply to bar consideration of a claim or the motion is barred by the statute of limitations. Charles, 180 F.3d at 756-58. Rather, if the claim is of a type that was cognizable under § 2255, the remedy is not inadequate or ineffective, regardless of whether the movant can obtain a substantive review on the merits in the present motion. As suggested by Gray-Bey, 209 F.3d at 990, in considering the scope of collateral remedies remaining to federal prisoners after the AEDPA, "§ 2255 ¶ 8 means . . . that prisoners today are never entitled to multiple collateral attacks, so that their inability to obtain another round of litigation cannot demonstrate that § 2255 as a whole is 'inadequate or ineffective to test the legality of . . . detention.'"

Federal law providing for collateral review of conviction and sentence does not guarantee that every prisoner will obtain a review on the merits of a constitutional claim, but that every prisoner will at some point have the opportunity for such review. See, e.g., Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). According to Wofford, the entire federal criminal procedure

5

statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' That does not mean that he took the shot . . . the Constitution requires [only] that the procedural opportunity existed." Id. (quoting In Re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

Wofford held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

> 1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Mosby attacks his sentence alleging that he is entitled to relief under Apprendi v. New Jersey, 530 U.S. 466 (2000).[4] Although Mosby can make a prima facie showing that Apprendi was not available to him during the applicable one-year limitations period for a motion to vacate and presents a new constitutional rule of criminal procedure, he cannot demonstrate that Apprendi has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are

---

[4] In Apprendi, the Supreme Court reexamined and confirmed as a rule of constitutional law, the principle first expressed in Jones v. United States: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Accordingly, the holding in Jones requires no further discussion.

6

generally not applied to cases on collateral review. <u>Teague v. Lane</u>, 489 U.S. 288 (1989).

"As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." <u>Goode v. United States</u>, No. 01-1340, 2002 WL 987905 (6th Cir. May 10, 2002); <u>see also</u> <u>Oleson v. United States</u>, No. 00-1938, 2001 WL 1631828, at *3-*4 (6th Cir. Dec. 14, 2001) (district court did not abuse its discretion in denying a motion to amend a § 2255 motion to assert an <u>Apprendi</u> claim because amendment would have been futile); <u>Snyder v. United States</u>, No. 01-1258, 2001 WL 1298954, at *2 (6th Cir. Aug. 7, 2001) (upholding dismissal of § 2255 motion because, <u>inter alia</u>, "<u>Apprendi</u> may not be applied retroactively"); <u>Jones v. United States</u>, No. 00-5280, 2001 WL 92114, at *2 (6th Cir. Jan. 25, 2001) (directing the district court to "determine whether <u>Apprendi</u> may be retroactively applied to this case under <u>Teague v. Lane</u>"); <u>United States v. Murray</u>, No. 98-1537, 2001 WL 118605, at *2-*3 (6th Cir. Jan. 25, 2001) (recalling mandate to permit application of <u>Apprendi</u> to case in which certiorari had recently been denied; noting that, with respect to those "defendants whose convictions became final before <u>Apprendi</u> was handed down, the new rule would not be retroactively applicable" and that this action "involves a tiny subset of situations in which this court's decision has been entered, but has not yet become final due to a pending petition for rehearing en banc or for certiorari"); <u>see also</u> <u>In re Clemmons</u>, 259 F.3d 489 (6th Cir. 2001) (holding, on the basis of <u>Tyler v. Cain</u>, 533 U.S.

7

656 (2001), that <u>Apprendi</u> has not been "made retroactive to cases on collateral review by the Supreme Court", 28 U.S.C. § 2255, and, therefore, it may not form the basis for a second or successive § 2255 motion); <u>White v. Lamanna</u>, No. 01-4051, 2002 WL 857739, at *2 (6th Cir. May 3, 2002) (applying <u>Tyler</u> and <u>Clemmons</u> to deny consideration of an <u>Apprendi</u> issue raised in a petition pursuant to 28 U.S.C. § 2241); <u>Perkins v. Thomas</u>, No. 01-5432, 2001 WL 1178279 (6th Cir. Sept. 24, 2001) (same).[5] Thus, <u>Apprendi</u> fails to provide Mosby with any basis for relief.

Furthermore, the Sixth Circuit has held that a claim pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2004), cannot be raised in a § 2241 petition. <u>Bannerman v. Snyder</u>, 325 F.3d 722, 723-24 (2003). The Sixth Circuit explained that "[a] challenge to a sentence based on <u>Apprendi</u> cannot be the basis for an actual innocence claim under <u>Martin [v. Perez]</u>." <u>Id.</u> at 724. Mosby argues that he is "actually innocent" of conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846, for which he received a forty-year statutory maximum sentence. This argument is, in essence, a restatement of his previous position that his sentence was imposed in violation of <u>Apprendi</u>. Contrary to Mosby's

---

[5] These unpublished decisions are consistent with the decisions in other circuits refusing to give retroactive application to <u>Apprendi</u>. See <u>Hamm v. United States</u>, 269 F.3d 1247 (11th Cir. 2001); <u>Dukes v. United States</u>, 255 F.3d 912 (8th Cir. 2001); <u>United States v. Moss</u>, 252 F.3d 993, 996-1001 (8th Cir. 2001); <u>United States v. Sanders</u>, 247 F.3d 139, 146-51 (4th Cir. 2001); <u>Jones v. Smith</u>, 231 F.3d 1227, 1236-38 (9th Cir. 2000); <u>cf.</u> <u>United States v. Smith</u>, 241 F.3d 546 (7th Cir. 2001) (declining to decide whether <u>Apprendi</u> is retroactively applicable on collateral attack because defendant could not establish cause and prejudice sufficient to excuse his failure to raise the issue at trial and on direct review).

suggestion, the Supreme Court's decision in <u>Dretke v. Haley</u>, 541 U.S. 386 (2004), did not recognize an "actual innocence" exception to challenges to noncapital sentences. Instead, the Supreme Court held that "a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." <u>Id.</u> at 393-94.[6] Thus, <u>Dretke</u> does not alter the Court's conclusion that Mosby has no claim of actual innocence in under <u>Bannerman v. Snyder</u>, <u>id.</u>

An actual innocence claim requires "factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623-24 (1998); <u>Hilliard v. United States</u>, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). Accordingly, Mosby is not entitled to relief under § 2241 on his claim.

Because Mosby is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the

---

[6] The procedural context of <u>Dretke</u>, a petition pursuant to 28 U.S.C. § 2254, is different from the context in this case because the petitioner in <u>Dretke</u> had the right to raise the claim at issue in his § 2254 petition in the absence of his procedural default. In this case, by contrast, for the reasons stated in the February 1, 2005 order, Mosby is not entitled to challenge the validity of his sentence in a petition pursuant to 28 U.S.C. § 2241.

9

respondent to show cause need not issue. The petition is DENIED and DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255

10

motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient

11

merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 30th day of September, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

12

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-02823 was distributed by fax, mail, or direct printing on September 30, 2005 to the parties listed.

---

David L. Mosby
11844-064
P.O. Box 34550
Memphis, TN 38184--055

Honorable Samuel Mays
US DISTRICT COURT